UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
JOSEPH MARESCA,

                Plaintiff,                              09 CV 4230 (SJ) (ALC)

                v.                                    ORDER ADOPTING
                                                      REPORT AND
                                                      RECOMMENDATION
THE CITY OF NEW YORK AND
THE NEW YORK CITY FIRE
DEPARTMENT,
                Defendants.
-------------------------------------------------X

APPEARANCES

LEONARD ZACK & ASSOCIATES
110 East 55th Street 14th Floor
New York, NY 10022
By:    Leonard Zack
Attorneys for Plaintiffs

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
By:    Alicia H. Welch
        Jason A. Kroll
Attorneys for Defendants

JOHNSON, Senior District Judge:

      Plaintiff Joseph Maresca ("Plaintiff") brings this action, pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., and its state and city counterparts, against defendants the City of New York ("the City") and the

1

New York City Fire Department ("FDNY") (collectively, "Defendants"). Plaintiff, a former FDNY firefighter, alleges that he was denied disability benefits and later terminated after suffering injuries while on duty on September 11, 2011 and shortly thereafter. (See generally Am. Compl.) Plaintiff further alleges that he suffered additional injury because of the negligence of the FDNY's counseling services. (See id.) Defendants move to dismiss the Amended Complaint because, inter alia, Plaintiff failed to state a disability claim.[1] (See Docket Nos. 28, 31.) On March 15, 2011, Defendants' motion was referred to Magistrate Judge Andrew L. Carter, Jr. for a Report and Recommendation.

The parties appeared telephonically before Magistrate Judge Carter on May 11, 2011, who orally denied the motion.[2] (See Transcript dated May 11, 2011 ("Tr.") at 29–31 (Docket No. 40).) Magistrate Judge Carter reasoned that the motion turns on whether Plaintiff can show that he was able to perform the essential duties of his job as a firefighter, but found that the record lacks sufficient evidence regarding Plaintiff's job duties. (See Tr. at 8, 10, 14, 17–18, 21, 23–25.) Accordingly, the motion was denied and the parties were instructed to submit additional evidence regarding Plaintiff's job duties. (Tr. at 25.)

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court

---

[1] Defendants also argued that Plaintiff failed to file a Notice of Claim as required under General Municipal Law §§ 50-e and 50-i. Instead, Plaintiff filed a Motion for Leave to Serve a Late Notice of Claim, which this Court denied on March 15, 2011. (See Docket No. 37.)

[2] On May 13, 2011, Magistrate Judge Carter issued a Report confirming that the motion was denied for the reasons stated at the May 11, 2011 conference. (Docket Entry 5/13/2011.)

2

proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 14 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. If either party objects to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See id.; see also United States v. Tortora, 30 F.3d 334, 337 (2d Cir. 1994). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, objections to Magistrate Judge Carter's recommendations were due within 14 business days of receipt of the May 13, 2011 Report, i.e., by May 27, 2011. No objections to the Report were filed with this Court. Upon review of the submissions and transcript, this Court adopts and affirms Magistrate Judge Carter's Report in its entirety. The motion to dismiss is DENIED.

**SO ORDERED.**

DATED: June 17, 2011
Brooklyn, New York

Hon. Sterling Johnson, Jr., Senior U.S.D.J.

3