UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JOSEPH MARESCA,

       Plaintiff,                          09 CV 4230 (SJ) (JMA)

      v.

                                                MEMORANDUM
THE CITY OF NEW YORK AND             AND ORDER
THE NEW YORK CITY FIRE
DEPARTMENT,

       Defendants.
----------------------------------------------------X
A P P E A R A N C E S

LEONARD ZACK & ASSOCIATES
110 East 55th Street, 14th Floor
New York, NY 10022
By:    Leonard Zack
Attorney for Plaintiff

NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, New York 10007
By:    Jane E. Anderson
Attorneys for Defendants

**JOHNSON, Senior District Judge:**

       Plaintiff Joseph Maresca ("Plaintiff" or "Maresca") filed the instant action against the City of New York and the New York City Fire Department ("Defendants") alleging discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112, et seq. ("ADA"). Defendants move for summary judgment.

1

Based on the submissions of the parties, the March 22, 2012 oral argument, and for the reasons stated below, Defendants' motion is granted.

## BACKGROUND

The facts and circumstances surrounding this action are set forth in the March 15, 2011 order denying Plaintiff's motion for leave to file a late Notice of Claim, and familiarity therewith is assumed.  (See Docket No. 37.)  Briefly, Plaintiff was employed by the New York City Fire Department (the "Department") as a Firefighter First Grade and was on duty at Engine 54 in midtown Manhattan on the morning of September 11, 2001.  Due to happenstance, Plaintiff was the only firefighter in his ladder company not ordered to respond to the attacks on the World Trade Center, and likely for that reason was the only survivor of Engine 54.  In the months that followed, Plaintiff assisted in the recovery of the bodies of his former colleagues and others, and began to suffer psychological distress, for which he self-medicated first with alcohol and then, in late 2003, adding cocaine.

Plaintiff visited the Department's Counseling Services Unit on several occasions, indicating that he felt angry and guilty for being the only survivor, and reported his heavy drinking, but not his cocaine use.  He was advised to take time off and transferred to a different station house.  Plaintiff continued to use cocaine until at least August 2, 2007, when he was stopped by police and found to be in possession of the drug, having just purchased it with his then-six-year-old daughter

in the car. Upon arrest, he provided a urine sample and tested positive for cocaine. He was thereafter suspended by the Department, brought up on disciplinary charges pursuant to the Department's "zero-tolerance" policy, and, on February 11, 2009, terminated. During the pendency of those charges, Plaintiff was placed in an administrative position and applied for disability insurance, indicating his disabilities as "WTC disability," specifically "emphysema, lung nodules & Post-Traumatic Stress Disorder" ("PTSD"). He was subsequently determined to be disabled by the Social Security Administration with an onset date of February 1, 2009. His disabilities were determined to be PTSD, major depressive disorder, emphysema and degenerative disc disease.

Plaintiff filed this action on October 1, 2009, alleging a violation of the ADA and related state and local statutes. Specifically, Plaintiff claims that Defendants discriminated against him by terminating his employment because of his disabilities and failing to accommodate him by placing him in a light duty position upon his initial report of psychological instability.

## DISCUSSION

I.   *ADA Claim*

The ADA dictates that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to … [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination claims

3

under the ADA "are subject to the burden-shifting analysis originally established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." McBride v. BIC Consumer Prods. Mfg. Co., Inc., 583 F.3d 92, 96 (2d Cir. 2009). Therefore, (1) the "plaintiff must establish a prima facie case; [(2)] the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and [(3)] the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." Sista v. CDC IXIS N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006) (citing Heyman v. Queens Vill. Comm. For Mental Health for Jamaica Cmty. Adolescent Program, 198 F.3d 68, 72 (2d Cir. 1999)).

To establish a prima facie case of disability discrimination, Plaintiff must prove that: "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." Capobianoco v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005) (citing Giordano v. City of New York, 274 F.3d 740, 747 (2d Cir. 2001). If a plaintiff fails to establish a prima facie case of discrimination under the ADA, the claim cannot survive summary judgment. Reeves v. Johnson Controls World Servs., 140 F.3d 144, 153 (2d Cir. 1998);

4

McDonald v. City of New York, 2011 WL 1331504, at *19 (E.D.N.Y. Apr. 6, 2011).

For the purpose of this motion, the Court will assume arguendo that the first three factors have been met. Where Plaintiff's claim fails is in the final element, because he cannot demonstrate that his termination resulted from discrimination on the basis of any disability. Following Plaintiff's 2007 arrest and positive test for cocaine, he was moved into an administrative position and only then was he psychologically evaluated—after his suspension. Plaintiff was brought up on disciplinary charges because of his cocaine use and at oral argument, and in subsequent filings, he readily admits same. He presents no evidence from which discriminatory animus can be inferred. Therefore, Plaintiff cannot demonstrate a prima facie case of discrimination under the ADA.

Even were the Court to further assume that merely because of the overlap in the timing of his diagnosis and disciplinary proceedings, plaintiff demonstrated a connection between his firing and his disability, thus setting forth a prima facie case, "the burden of production shifts to the employer to articulate a legitimate, clear, specific and non-discriminatory reason" for the adverse action. Holt v. KMI-Continental, Inc., 95 F.3d 123, 129 (2d Cir. 1996). "If the defendant satisfies this burden of production, the plaintiff has the ultimate burden to prove that the employer's reason was merely a pretext for discrimination." See id.

As stated, supra, Defendants' proffered reason for Plaintiff's termination is the Department's adherence to its undisputed zero-tolerance policy for cocaine use. There has been no evidence that this reason is a pretext for discrimination on the basis of any stated disability.  Plaintiff's argument that the Department treats marijuana users differently, even if true, does not convert its termination of Plaintiff into discrimination on the basis of PTSD, emphysema or depression. Therefore, Plaintiff fails to carry the ultimate burden of establishing discrimination on the basis of his disabilities.  See Meiri v. Dacon, 759 F.2d 989 (2d Cir. 1985), cert. denied, 474 U.S. 829 (1985) (in order to survive a motion for summary judgment, plaintiff must offer "concrete particulars" to substantiate the claim.).

II.     *Negligence*

Plaintiff attempts to re-litigate his claim that he should be permitted to file a late Notice of Claim, which would permit him to bring an action for what he considers to be the Department's negligence in responding to his alleged cries for help prior to his cocaine use.   This issue was addressed and dismissed for want of jurisdiction in this Court's March 15, 2011 order, and will not be rehashed. Therefore, this argument is without merit.

## **CONCLUSION**

While the terrible events of September 11, 2001 have left troubling, painful and often indelible impressions in the hearts and minds of many, and while Plaintiff's particular role in the recovery process commands respect, displays his valor, and surely contributed to his current physical and psychological states, he remained subject to the Department's zero-tolerance policy during his entire tenure as a Firefighter. However momentary his lapse of judgment, and however serious the anguish from which he hoped to escape by ingesting cocaine, the fact remains that he violated that policy, was terminated for that violation, and has offered no evidence to suggest that the Department's decision was motivated by the type of disability-related discriminatory animus from which the ADA seeks to protect him. For these reasons, Defendants motion must be granted. The Clerk of the Court is directed to close the case.

SO ORDERED.

DATED: March 31, 2012 _____/s_____
        Brooklyn, New York         Sterling Johnson, Jr, U.S.D.J.